Filed 12/22/23  P. v. Harper CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>NICHOLAS HARPER,<br><br>　　　Defendant and Appellant. | B324324<br><br>(Los Angeles County Super. Ct. No. MA055372) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Emry J. Allen, under Appointment by the Court of Appeal; for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## FACTS

Defendant Nicholas Harper (Harper) appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6 at the prima facie stage. We affirm.

### 1. The Shooting[1]

On February 7, 2012, Harper shot his roommate James McElroy in the face, causing his death. Harper then threw his gun off his apartment's balcony and into the bushes below. McElroy's girlfriend was in the bedroom of the apartment and entered the living room upon hearing the gunshot. She saw McElroy sitting on the couch with blood gushing from his mouth, and Harper on the phone requesting an ambulance. She ran into the bathroom, locked the door, and called McElroy's mother. Harper "busted" into the bathroom, grabbed McElroy's girlfriend by her shoulders, and told her "two Black guys did it." When McElroy's mother arrived, Harper told her that two Black guys had shot her son, which he also reported to the police upon their arrival. Specifically, he reported to the police who arrived at the scene of the shooting that "two men had approached him in the apartment complex" and "wanted to buy marijuana"; Harper brought the men up to his apartment, and when they entered the living room, one "pulled out a rifle and shot" McElroy. Harper later confessed to shooting McElroy himself, but claimed it was an accident that resulted from trying to force the loaded shotgun closed.

There was evidence that tension had been building between Harper and McElroy in the weeks before the shooting; that

---

[1] We draw these facts from our prior, unpublished opinion affirming Harper's conviction. (*People v. Harper* (Feb. 22, 2016, B257355.)

2

McElroy was having an affair with Harper's girlfriend; that the men had recently argued about rent; and that McElroy was afraid of Harper and was worried that Harper had kept a gun in the apartment. Several witnesses testified that, in the months before the shooting, they had heard Harper threaten to shoot McElroy.

## 2. *Trial, Conviction, and Sentencing*

In 2012, the People charged Harper with McElroy's murder (§ 187, subd. (a)), and alleged he personally and intentionally discharged a firearm, causing great bodily injury and death (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally used a firearm (§ 12022.53, subd. (b)).

A jury found Harper not guilty of murder, but convicted him of the lesser included offense of voluntary manslaughter (§ 192, subd. (a)). The jury also found true the allegation that Harper personally used a firearm (§ 12022.53, subd. (a)).

The trial court sentenced Harper to 21 years in state prison, comprised of 11 years for voluntary manslaughter, and 10 years for the firearm enhancement.

## 3. *Direct Appeal*

Harper appealed his conviction, and another panel of this court affirmed. (*People v. Harper*, *supra*, B257355.)

## 4. *Resentencing Petition*

On February 7, 2022, Harper filed a petition for resentencing. The trial court appointed counsel, and the People filed a response to the petition. Harper filed no reply. At the hearing, the court took judicial notice of the case file and its contents; neither the People nor Harper offered additional argument. The trial court summarily denied Harper's petition

3

because "the jury was not instructed on felony murder," "on aider and abettor liability," or "on natural and probable consequences"; rather, "[t]his was a straight murder where the defendant was alleged to have been the actual killer." Thus, the court concluded, "even under the changes in the law [(§§ 1172.6, 188, 189),] he would still be convicted under the theories that were presented to the jury."

5.    *Appeal*

Harper filed a timely appeal.

## *DISCUSSION*

Harper concedes the jury was not instructed on felony murder or natural and probable consequences. He argues that he was nonetheless entitled to relief under section 1172.6 because the prosecution could have proceeded on a felony murder theory, although it admittedly did not. He also argues that he "was covered by the plain language" of section 1172.6 merely by virtue of "having been convicted of manslaughter." Neither argument has merit.

1.    *Section 1172.6 (Former Section 1170.95)*

Under the ameliorative changes in the law effected by Senate Bill No. 1437 (Stats. 2018, ch. 15), malice must be proved to convict a principal of murder, except under the narrowed felony-murder rule set forth in section 189, subdivision (e), and may not be imputed based solely on an individual's participation in a crime (§ 188, subd. (a)(3)), thereby eliminating the natural and probable consequences doctrine as a basis for convicting a defendant of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847). The amended felony-murder law requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer

4

(§ 189, subd. (e)(1)); although not the actual killer, the defendant assisted in the commission of the murder with the intent to kill (§ 289, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life (§ 189, subd. (e)(3)). (See *People v. Strong* (2022) 13 Cal.5th 698, 708.)

Section 1172.6 authorizes an individual convicted of felony murder or murder under the natural and probable consequences to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill No. 1437's changes to the definitions of the crime. (See *Strong*, *supra*, 13 Cal.5th at p. 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *Gentile*, *supra*, 10 Cal.5th at p. 843.) As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2), effective January 1, 2022, these ameliorative changes to the law became expressly applicable to attempted murder and voluntary manslaughter.

If the petitioner makes the requisite prima facie showing that he or she falls within the provisions of section 1172.6 and is eligible for relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d).)

The petitioner's prima facie case consists of three elements:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's

participation in a crime, or attempted murder under the natural and probable consequences.

"The petitioner was convicted of murder, attempted murder, or manslaughter following a trial . . . at which the petitioner could have been convicted of murder or attempted murder.

"The petitioner could not presently be convicted of murder or attempted murder because of changes to Sections 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

In determining whether the petitioner made the requisite prima facie showing, the trial court may rely on the record of conviction, although the inquiry is limited and may not include fact finding. (*Lewis, supra*, 11 Cal.5th at p. 971; *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1261.) We independently review the trial court's determination that a petitioner failed to make a prima facie case for relief under section 1172.6. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14; *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

## 2. *The Trial Court Properly Denied Harper's Petition at the Prima Facie Stage*

Harper is ineligible for relief as a matter of law because he was convicted of voluntary manslaughter as the actual killer; the jury was never instructed on theories of felony murder or natural and probable consequences, and it found that Harper personally used a firearm. (§ 1172.6, subd. (a)(3); § 189, subd. (e)(1); *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 [resentencing relief under section 1172.6 is not available to an "actual killer"].)

Harper argues that his petition should have survived the prima facie stage because his initial statement that "two male Blacks" killed McElroy after Harper brought them to the

6

apartment to purchase marijuana, paired with evidence of his animosity towards McElroy, "offered a factual basis for . . . prosecution on a felony murder theory."[2] He urges that although he ultimately admitted he shot McElroy, a prosecutor "*could have* offered [t]he jury an alternative theory" (italics added), and that section 1172.6 does not "require[] that such theory actually was presented." Harper fails to cite a single authority to support this position. To the contrary, "[t]he question at the prima facie stage . . . is whether, *as instructed*, it was possible for a jury to convict" Harper of murder that was actually committed by someone else. (*People v. Harden* (2022), 81 Cal.App.5th 45, 54-55 & fn. 7 (*Harden*); *id.* at p. 52 [if the "jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

Harper asserts that he could not presently be convicted of murder or attempted murder because of changes to sections 188 and 189 because the jury found Harper guilty of manslaughter, which requires no malice. This argument ignores the plain language of the statute: The question is not whether the jury in fact convicted Harper of murder, attempted murder, or the lesser crime of manslaughter, but whether Harper "*could not presently* be convicted of murder or attempted murder because of changes" to sections 188 and 189. (§ 1172.6, subd. (a)(3), italics added.) Section 189 was amended to limit felony murder to three specific categories of people, one of which is actual killers. (*Harden, supra,* 81 Cal.App.5th at p. 51.) Harper was the actual killer. Even though the jury found him guilty of manslaughter, he could

---

[2] Neither the AOB nor the record on appeal reflect whether the jury was presented with evidence regarding Harper's initial statement that two Black men shot McElroy.

have been convicted of murder under the amendments to sections 188 and 189, because the jury was not instructed on felony murder or natural and probable consequences.  Instead he was convicted of manslaughter.

Harper also argues the denial of his petition violated his state and federal due process and equal protection rights because the prosecution failed "to prove beyond a reasonable doubt" that Harper was ineligible for relief under section 1172.6.  The reasonable doubt standard is irrelevant at the prima facie stage, where the petition must "ma[k]e a prima facie case for relief." (§ 1172.6, subd. (c).)  Harper failed to make a prima facie case.

Finally, defendant states that because similarly situated petitioners, but not defendant, 'are afforded relief if the prosecutor fails to prove their ineligibility under section 1170.95,' defendant's sentence violates the proscription against cruel and unusual punishment.  Defendant does not develop the argument in his brief, and it is forfeited.  (*People v. Guzman* (2019) 8 Cal.5th 673, 683, fn. 7 [referencing a constitutional argument in appellate brief without developing it results in forfeiture].)

### DISPOSITION

We affirm the order.




RUBIN, P. J.

WE CONCUR:




BAKER, J.                              KIM, J.